NEW-YORK,<br>May, 1831.<br><br>Bennett<br>v.<br>Kennedy.

*Motion for a new trial denied.*

---

## BENNET and others *vs.* KENNEDY.

Where a *grantee*, on obtaining a conveyance of land, entered into a *bond* binding himself that he would not suffer or permit a canal or ditch to be cut or dug across the premises conveyed to him, for the accommodation of a gristmill thereafter to be erected, and he subsequently conveyed the premises to a third person, who did cut a canal across the premises for the accommodation of a grist-mill, *it was held*, that such canal must be considered as cut by the *permission* of the obligor, he having conveyed the land without any reservation or restriction, and that he was liable for a breach of his bond.

THIS was an action of debt on a bond, in the penalty of $500, bearing date the 31st July, 1816, executed by the defendant to Joseph Bennet, the ancestor of the plaintiffs, whereby the defendant bound himself not to permit a canal or ditch to be cut or dug across certain lands conveyed to him by Bennet on the day of the execution of the bond, for the accommodation of any *grist-mill* thereafter to be erected; Bennet being, at the date of the conveyance to the defendant, the owner of an undivided half of a grist-mill, situate on the lot of which the premises conveyed were a part. The breach assigned was that the defendant did, on the 1st May, 1827, permit a canal

NEW-YORK.
May, 1831.

Bennet
v.
Kennedy.

or ditch through the lands conveyed to him to be dug for the accommodation of a grist-mill ; and it was averred that a grist-mill was erected, whereby the plaintiffs' mill and inheritance were injured.    It was proved upon the trial, that in 1824 the defendant conveyed the premises, *without reservation* as to the use of the land, to one Rowley, who in like manner, without reservation, conveyed in 1825 to one Kenyon, who erected a grist mill near the premises, and dug a canal for the accommodation of his mill across the premises originally conveyed to the defendant, and evidence was given of the consequent injury to the plaintiffs in loss of custom.    The defendant gave in evidence a *patent* from the state of the premises purchased by him of Bennet, bearing date in 1824 ; but it appeared that such grant was accepted ' by the advice of Bennet, the premises being claimed as *escheated* lands, and that Bennet had agreed to pay the expense of procuring title from the state. The jury found a verdict for the plaintiffs for the *debt,* and assessed the damages at six cents, subject to the opinion of this court.

*J. A. Collier*, for plaintiffs.

*Ben Johnson,* for defendant.

*By the Court,* Sutherland, J.    The evidence clearly establishes a breach of the condition of the bond.    The condition was that the defendant would not permit any canal or ditch to be cut or dug through the land conveyed to him by the plaintiffs' ancestor, to accommodate another grist-mill, &c. The plaintiffs' ancestor, upon receiving this bond, conveyed the land to the defendant by an absolute warrantee deed.    The defendant afterwards conveyed the land to a third person, without any restriction as to to the right of building a mill and digging a canal through the premises.    The grantee of course had a right to use the premises in any manner he pleased, as the defendant's covenant did not attach to the land, being in a collateral instrument.    He accordingly built a mill, and dug a canal through this land to accommodate the mill.    This canal was, in judgment of law, within the meaning of the de-

fendant's covenant dug by his *permission*, inasmuch as his ab- <span style="float:right">NEW-YORK,<br>May, 1831.</span>
solute conveyance gave to his grantee a right to dig it.

The evidence as to the subsequent purchase by the de- <span style="float:right">Mechanics'</span>
fendant of the premises from the state did not vary the rights <span style="float:right">Bank of N. Y.</span>
of the plaintiffs. The purchase must be considered as made <span style="float:right">Griswold.</span>
by the ancestor of the plaintiffs, in order to confirm his title.
The ancestor was to pay for the grant from the state, and for
aught that appears did pay; but it is not material whether he
did or not. There was no eviction, and if there had been, it
would not have been admissible evidence, I apprehend, in this
case. The damages of the plaintiffs were clearly proved.

Judgment for plaintiffs.